**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **PULMUONE FOODS USA, INC.,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:25-CV-01021-O** |
| | § | |
| **IPI, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

**OPINION & ORDER**

Before the Court is Plaintiff's Motion for Default Judgment against Defendant IPI, LLC ("IPI") (ECF No. 20). After considering the Motion, pleadings, and applicable law, the Court **GRANTS** Plaintiff's Motion.

## I. BACKGROUND[1]

Plaintiff Pulmuone Foods USA, Inc. manufactures Asian-inspired organic food. Plaintiff through Reliable Transportation Solutions, LLC ("RTS"), a non-party to the suit, arranged for 23 pallets of its products (the "Cargo") to be transported by IPI from Gilroy, California to Ayer, Massachusetts. According to Plaintiff, the Cargo was perishable and needed to be stored at a continuous temperature of 34 degrees throughout transport. On October 30, 2024, the Cargo was loaded onto an IPI trailer, and the trailer was secured with a tamper-evident seal with a serial number. A temperature monitor was included with the load to ensure a continuous temperature throughout transport.

[1] Unless otherwise noted, the Court's recitation of the facts before September 19, 2025, is based on Plaintiff's Amended Complaint. *See* Pl.'s Am. Compl., ECF No. 6.

On the afternoon of November 8, 2024, the Cargo arrived at its destination in Ayer, Massachusetts. Inspection of the trailer and cargo revealed that the original seal had been replaced by a new seal and that the temperature monitor was gone. Consequently, Plaintiff was unable to verify that the temperature had been held at a continuous 34 degrees. Consequently, because the general integrity of the perishable goods could not be verified, the cargo was deemed unsalvageable and destroyed. The unsalvageable cargo was valued at $80,132.81.[2]

Plaintiff filed its Original Complaint on September 19, 2025, and later filed its Amended Complaint on September 26, 2025.[3] On December 3, 2025, Plaintiff filed a Motion for Alternative Service in which it stated it had made multiple unsuccessful attempts to serve IPI and therefore requested service by email. The Court granted Plaintiff's motion. On January 23, 2026, Plaintiff served process on IPI through email and the Texas Secretary of State. Plaintiff filed a Whitney Certificate on March 31, 2026, proving that IPI had been served and no response had been received.[4] On April 10, 2026, the Clerk of Court entered default against IPI.[5] Plaintiff now moves for a default judgment against IPI.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and subsequent default judgment. The Court's entry of default judgment entails three prerequisites. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, the defendant must *default* by failing to plead or otherwise respond to the complaint within the time required by the Federal Rules. *Id.* Next, the Clerk must *enter default* when the plaintiff establishes default by affidavit or otherwise. *Id.*; FED. R. CIV. P.

---

[2] *See* Pl.'s Mot. 2, ECF No. 20.

[3] Unless otherwise noted, the Court's recitation of procedural history is based on Plaintiff's Motion for Default Judgment. *See* Pl.'s Mot. 2, ECF No. 20.

[4] *See* Pl.'s Suppl. Status Report, ECF No. 14.

[5] *See* Clerk's Entry of Default, ECF No. 17.

55(a). Last, the plaintiff must ask the Court for entry of a *default judgment*. *N.Y. Life Ins.*, 84 F.3d at 141; FED. R. CIV. P. 55(b)(2).

A court has broad discretion to enter a default judgment, but it is considered "a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). It is reserved for instances "when the adversary process has been halted because of an essentially unresponsive party." *Id.*

In deciding whether to grant a default judgment, the Court must decide three questions. First, the Court considers whether entry of default judgment is procedurally appropriate by weighing a list of six factors: (1) whether there are disputed material issues of fact; (2) whether a good-faith mistake or excusable neglect caused the default; (3) whether there has been substantial prejudice; (4) the harshness of a default judgment; (5) whether the grounds for a default judgment are clearly established; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Second, the Court assesses the merits of the plaintiff's claims and the sufficiency of the complaint. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered."). At the default-judgment stage, the well-pleaded factual allegations "need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 498 (5th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[D]etailed factual allegations are

not required." *Id.* (alteration in original) (quotation marks and citation omitted). A defendant, "by his default, admits the plaintiff's well-pleaded allegations of fact." *Nishimatsu*, 515 F.2d at 1206.

Third, the Court resolves any remaining issues regarding the amount of damages, if any, and other relief requested. "As a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). "That rule, however, is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.*

## III. ANALYSIS

### A. Entry of default judgment is procedurally appropriate.

Having weighed the six *Lindsey* factors, the Court determines that granting default judgment is procedurally warranted. *See* 161 F.3d at 893. First, due to IPI's non-responsiveness, no material issues of fact have been disputed. Second, there is no evidence to suggest that IPI's failure to defend this action arises from a good-faith mistake or excusable neglect. Third, IPI's failure to appear causes substantial prejudice to Plaintiff because it prevents Plaintiff from receiving expeditious relief. Fourth, IPI's failure to answer, despite receiving proper service, mitigates the harshness of a default judgment. IPI has had ample time to respond to Plaintiff's Amended Complaint, as it was filed over ten months ago.[6] Fifth, the grounds for default judgment are clearly established. Sixth and finally, finding that IPI has made no attempt to participate in this lawsuit in the over ten months since it was commenced, and because the Court is not aware of any "good cause" for their failure to participate, the Court would be unlikely to set aside the default if it is later attacked. *See* FED. R. CIV. P. 55(c).

[6] *See* Pl.'s Am. Compl., ECF No. 6.

**B. The pleadings establish a viable claim for relief.**

Before a default judgment may be entered, the Court must assess the merits of Plaintiff's claim and the sufficiency of its Complaint. Plaintiff brings a cause of action under 49 U.S.C. § 14706, under which IPI, as the carrier, would be responsible for the loss of the cargo.[7] Plaintiff alleges that IPI received the shipment in condition suitable for sale to the public and that Plaintiff received the shipment without the ability to verify whether the shipment was still in such suitable condition.[8] Therefore, the cargo was unsalvageable, and IPI is liable under § 14706 for the loss of the cargo.[9] These factual pleadings, set forth in Plaintiff's Amended Complaint, are "enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. There is no reason to doubt that these allegations are true, and therefore, they sufficiently establish a viable claim for relief.

**C. Plaintiff is entitled to its requested relief.**

A default judgment is appropriate when default has been entered against a party because the party has failed to respond or otherwise defend against the complaint and the party seeking to enforce the default judgment applies to the court for relief. FED. R. CIV. P. 55(b)(2). Here, the Clerk of the Court has entered default against IPI. There is no evidence that IPI is a minor, an incompetent person, an individual in military service, or a government officer, and IPI has not appeared or had a representative appear on its behalf. Based on the foregoing, Plaintiff requests that the Court enter a default judgment against IPI. As such, the Court finds that default judgment is appropriate.

Furthermore, Plaintiff's requested damages can be calculated with reasonable certainty, and therefore, the Court determines that a hearing is unnecessary. *See Joe Hand Promotions, Inc.*

---

[7] *See* Pl.'s Am. Compl. 4, ECF No. 16.
[8] *See id*.
[9] *See id*.

*v. 2 Tacos Bar & Grill, LLC*, No. 3:16-CV-01889-M, 2017 WL 373478, at *3 (N.D. Tex. Jan. 26, 2017) ("[A] hearing is not necessary where the amount of damages can be determined with certainty, by reference to the pleadings and supporting documents, and where a hearing would not be beneficial."). Because of IPI's actions, Plaintiff lost cargo valued at $78,351.48, the disposal of which cost $ 1,781.33, equaling a total of $80,132.81.[10]

Plaintiff additionally seeks pre- and post-judgment interest to be added to the principal damages amount.[11] "State law governs the award of prejudgment interest in diversity cases" while federal law governs post-judgment interest, even in diversity cases. *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 172 (5th Cir. 2010).

In the absence of a statutory right to prejudgment interest, Texas law allows for an award of equitable prejudgment interest," which "is calculated in accordance with chapter 304 of the Texas Finance Code." *Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 3d 843, 854–55 (S.D. Tex. 2017). Thus, prejudgment interest accrues as simple interest on the judgment amount, beginning on the earlier of the 180th day after written notice of the claim or the date suit is filed and ending on the day preceding the date judgment is rendered, at the prime rate as published by the Board of Governors of the Federal Reserve System or five percent a year if the prime rate is less than five percent. TEX. FIN. CODE §§ 304.004, 304.103, 304.104. As of the date of this order, the prime rate is 6.75%.[12]

Post-judgment interest is set by federal statute, 28 U.S.C. § 1961(a), and is "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield." *Tricon Energy Ltd. v. Vinmar Intern., Ltd.*, 718 F.3d 448, 457 (5th Cir.

---

[10] *See* Pl.'s Mot. 2, ECF No. 20.
[11] *Id.*
[12] *See Prime Rate*, UNITED STATES FEDERAL RESERVE, https://www.federalreserve.gov/releases/h15/ (last visited July 30, 2024).

2013) (quoting 28 U.S.C. § 1961(a)). As of the date of this order, the weekly average 1–year constant maturity Treasury yield is 4.11%.[13]

Accordingly, the Court awards Plaintiff prejudgment interest at rate of 6.75% per annum, with prejudgment interest accruing as of September 19, 2025—the date Plaintiff filed suit. The Court also awards Plaintiff post-judgment interest at a rate of 4.11% per annum from the date of the judgment, compounded annually until IPI fully satisfies this judgment. Because Plaintiff's requested damages amount can be calculated with reasonable certainty without a hearing, the Court grants the award.

## IV. CONCLUSION

For the forgoing reasons, the Court **GRANTS** Plaintiff's Motion for Default Judgment against Defendant IPI, LLC. Plaintiff Pulmuone Foods USA, Inc is awarded damages totaling $80,132.81, plus prejudgment interest at rate of 6.75% per annum accruing as of September 9, 2025, and post-judgment interest at a rate of 4.11% per annum from the date of the judgment, compounded annually until IPI fully satisfies this judgment.

**SO ORDERED** on this **4th day** of **August, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE

[13] *Id.* at *Treasury constant maturities, 1-year*.